UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | (Judge          ) |
| | ) | |
| $122,340.00 in United States Currency, | ) ) | |
| Defendant. | ) | (Electronically filed) |

### VERIFIED COMPLAINT OF FORFEITURE

The United States of America, by and through its attorneys, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Amy C. Phillips, Assistant U.S. Attorney, files this Verified Complaint of Forfeiture in rem, respectfully alleging on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

1. This is an action to forfeit and condemn to the use and benefit of the United States of America a total of $122,340.00 in United States Currency (hereinafter "defendant currency"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 1956(7)(F).

2. The defendant currency consists of $122,340.00 in United States Currency, which Ravi Nakirikanti agreed to forfeit to the United States in the Stipulation of Consent to Forfeit signed on

December 5, 2012. A portion of the defendant currency is presently in the custody of the Department of Homeland Security, Immigration and Customs Enforcement.

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. This Court has in rem jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b). Upon filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. The offenses occurred within the district and within the jurisdiction of the Court. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

a. serve notice of this action on the defendant currency owner, and any other person or entity who may claim an interest in the defendant, along with a copy of the Complaint.

7. The United States alleges that the defendant currency is subject to forfeiture to the United States because it constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of violations of conspiracy to commit 18 U.S.C. § 1546 in violation of 18 U.S.C. § 371.

8. All of the facts alleged in this Verified Complaint are based upon information and belief, the sources of which are James Martinelli, Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), the Pennsylvania State Police ("PSP"), the United States Department of Labor ("USDL"), the Office of Inspector General ("OIG"), and the Office of Labor Racketeering and Fraud Investigations ("OLRFI") resulting from an investigation into bringing in and harboring aliens, the unlawful employment of aliens, and making false statements relating to the citizenship, naturalization, and registry of

aliens by Ravi Nakirikanti, Ram R. Challa, Sudheer Bandi, Ranga Junuthula, and others conducted by the ICE, PSP, USDL, OIG, and OLRFI.

9. In February 2009, the USDL, OIG, and OLRFI conducted a routine proactive inspection of employment visas submitted through the Foreign Labor Certification Program where investigators discovered fraudulent activities perpetrated by Ravi Nakirikanti, Ram R. Challa, Sudheer Bandi, Ranga Junuthula, and others.

10. The investigation, jointly undertaken with ICE and PSP, revealed that Ravi Nakirikanti, Ram R. Challa, Sudheer Bandi, Ranga Junuthula, and others engaged in visa fraud and money laundering by falsifying documentation required to obtain H-1B visas and establishing "shell" companies to give the appearance that they were operating legitimate computer programming businesses, when in fact they were working at gas stations.

11. Beginning in 2007, Ravi Nakirikanti aided Ranga Junuthula in submission of false documents to the United States Citizenship and Immigration Services by filing fraudulent

employment visas and contracts falsely representing the existence of jobs.

12. While involved in the conspiracy, Ravi Nakirikanti was party to money transfers of $122,340.00 between JMR Technologies, Inc. and Prologin Technologies, Inc. based on false and fraudulent contracts.

13. Ravi Nakirikanti was subsequently charged with and pled guilty to conspiracy to commit immigration fraud.

14. On July 23, 2012 and on December 5, 2012, Ravi Nakirikanti signed a Plea Agreement and a Stipulation of Consent to Forfeiture wherein he agreed to the filing of a civil complaint by the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 1956(7)(F), settling all forfeitures for $122,340.00. The stipulated amount is to be paid in three equal installments of $40,780.00 over a three year period. On November 29, 2012, Ravi Nakirikanti paid the first installment of $40,780.00.

15. Ravi Nakirikanti agreed that he is jointly and severally liable for up to and including $122,340.00 of a total $1.9 million dollar money judgment with the criminal defendants, Ram Challa, Sundheer Bandi and Ranga Junuthula for his portion of the

criminal forfeitures alleged in the US. v. Bandi 3:09-CR-371, U.S. v. Challa 3:09-CR-372, and U.S. v. Junuthula, 3:10-CR-138.

16.  As a result of the foregoing, there is probable cause to believe that the defendant currency constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of violations of conspiracy to commit 18 U.S.C. § 1546 in violation of 18 U.S.C. § 371. Therefore, the defendant property is liable to condemnation and to forfeiture to the United States for its use, in accordance with 18 U.S.C. § 981(a)(1)(C) and 1956(7)(F).

WHEREFORE, the United States of America prays that the Court issue a warrant for the arrest of the defendant currency, that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the currency; that the defendant currency be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

Respectfully submitted,
Peter J. Smith
UNITED STATES ATTORNEY

By: /s/Amy C. Phillips
Assistant U.S. Attorney
235 N. Washington Avenue
Suite 311
Scranton, PA 18503
Phone: (570)348-2800
Fax : (570)348-2037
Amy.Phillips@usdoj.gov

Dated:   February 15, 2013          PA79986

## VERIFICATION

I, Amy C. Phillips, Assistant United States Attorney, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint of Forfeiture In Rem is based on reports and information furnished by the Department of Homeland Security, Immigration and Customs Enforcement and everything contained therein is true and correct to the best of my knowledge.

Respectfully submitted,

By: /s/Amy C. Phillips
Assistant U.S. Attorney
235 N. Washington Avenue
Suite 311
Scranton, PA 18503
Phone: (570)348-2800
Fax : (570)348-2037
Amy.Phillips@usdoj.gov

Dated: February 15, 2013        PA79986